## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRED CLOUD,**

    **Petitioner,**

v.                                                                                    **Civil No.: 1:18cv229**
                                                                                          **(Judge Kleeh)**

**PAUL ADAMS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On December 6, 2018, the *pro se* Petitioner, Fred Cloud ("Cloud"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence and the loss of Good Conduct Time ("GCT") associated with a prison disciplinary hearing.[1] ECF No. 1. Along with his petition, Cloud filed a motion to exceed the page limits. ECF No. 2. The Clerk of Court issued a Notice of Deficient Pleading. ECF No. 4. Pursuant to that Notice, on January 2, 2019, Cloud paid the $5 filing fee. ECF No. 5.

On March 7, 2019, Cloud moved to supplement his petition. ECF No. 8. By separate Orders entered March 19, 2019, Cloud's motion for leave to file excess pages was granted and his motion to supplement was granted. ECF Nos. 9, 10.

On October 23, 2019, Cloud wrote a letter to the Court. ECF No. 12. By separate Orders entered October 28, 2019, the October 23, 2019 letter was construed as a second motion to supplement and granted, and the Respondent was directed to show cause why the writ should not

---

[1] Although on the face of his petition, Cloud represents that he is also challenging his conviction [ECF No. 1, § 1 at 1], other than his claim for relief, which asks that his § 846 conviction and sentenced be vacated, his petition actually raises no challenge to the offense of conviction itself.

be granted. ECF Nos. 14, 13. On November 19, 2019, the Respondent moved for an extension of time; by Order entered November 20, 2019, the motion was granted. ECF Nos. 18, 19. On December 27, 2019, the Respondent filed a motion to dismiss with a memorandum in support. ECF Nos. 21, 22. Because Cloud was proceeding *pro se*, on December 30, 2019, a Roseboro Notice issued. ECF No. 23. On January 16, 2020, Cloud moved for an extension of time; by Order entered January 21, 2020, Cloud's motion was granted. ECF Nos. 25, 26. On January 24, 2020, Cloud filed a Reply to Respondent's Motion to Dismiss. ECF No. 27. On February 7, 2020, Respondent moved for an extension of time to reply; by Order entered February 10, 2020, the motion was granted. ECF Nos. 30, 31. On February 17, 2020, Respondent filed a reply along with a motion to seal and certain exhibits. ECF No. 32, 33. By Order entered February 18, 2020, Respondent's motion to seal was granted. ECF No. 35. On March 5, 2020, Cloud filed a Motion to Strike Respondent's reply. ECF No. 39.

This matter is pending before the undersigned for review and Report and Recommendation, pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 636.

## II. Factual and Procedural History[2]

### A. Conviction and Sentence

On December 17, 2003, a twenty-three count Indictment was filed against Cloud and fourteen co-defendants in the United States District Court for the Northern District of Ohio; Petitioner was named in Count One of the Indictment.[3] See ECF No. 1. On July 20, 2004, a four-

---

[2] Unless otherwise noted, the information in this section is taken from Cloud's underlying criminal docket, available on PACER. See United States v. Abdullah *et al.*, Case No. 1:03cr486-JRA-5. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The Respondent's response, as well as the copy of Cloud's PSR, attached to Respondent's reply, assert that Cloud was named in Counts One and Sixteen of the original indictment. See ECF No. 22 at 2; ECF No. 33-2 at 5. However, a review of Petitioner's underlying criminal docket does not reflect this and the original indictment is sealed. On

count Superseding Indictment was filed against Petitioner and two co-defendants. ECF No. 301. Petitioner was named in Count One of the Superseding Indictment and was charged with conspiracy to possess with the intent to distribute, and distribution of more than 50 grams of cocaine base (crack), in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. Id. The following day, the Government filed an Information to Establish Prior Conviction [ECF No. 303], establishing that Petitioner had two prior convictions that could qualify as predicate offenses for a "career offender" sentence enhancement: Possession of Drugs and Preparation of Drugs for Sale, in CR402771, in Cuyahoga County Common Pleas Court, on or about July 7, 2000; and Attempted Robbery, in CR417701, in Cuyahoga County Common Pleas Court, on or about November 23, 2001. See Presentence Investigation Report ("PSR"), N.D. W.Va. Case No. 1:18cv229, ECF No. 33-2, ¶ 4 at 5; ¶ 24 at 8; ¶ 31 at 10; ¶ 33 at 10; and ¶ 60 at 15.

On September 27, 2004, after an eight-day jury trial, Petitioner was found guilty of conspiracy to possess with the intent to distribute and to distribute more than 50 grams of cocaine base ("crack"); further, the jury found beyond a reasonable doubt that the amount of cocaine base ("crack") that Petitioner conspired to be possessed and distributed was "1.5 kilograms or more." See Verdict Form, N.D. W.Va. Case No. 1:18cv229, ECF No. 22-1.

At a March 2, 2005 sentencing hearing, after finding that Petitioner was a career offender pursuant to U.S.S.G. 4B1.1(a) and (b), Petitioner was sentenced to 360 months of imprisonment, the lowest end of the guideline range of 360 months to life, to be followed by a 10-year term of supervised release; he was directed to pay a $100 special assessment and a fine of $2,000.00. See Judgment Order, N.D. W.Va. Case No. 1:18cv229, ECF No. 22-2; see also Sentencing Transcript,

---

March 11, 2020, the *pro se* law clerk ("PSLC") assigned to this case contacted the Clerk of Court for the Northern District of Ohio, who advised that Cloud was not, in fact, named in Count Sixteen of the original indictment.

N.D. W.Va. Case No. 1:18cv229, ECF No. 33-3 at 8, 21 - 22. Petitioner's sentence was ordered to run concurrent with the state sentence he was then serving. See Sentencing Transcript, N.D. W.Va. Case No. 1:18cv229, ECF No. 33-3 at 23.

**B. Direct Appeal**

On March 10, 2005, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit. ECF No. 451. On appeal, Petitioner and his two co-defendants,[4] either collectively or independently raised 8 grounds: their convictions should be overturned because (1) the evidence was insufficient to support a conspiracy; (2) there was a prejudicial variance between the indictment and the proof at trial; (3) the district court improperly denied Defendant Caver's motion for a severance; (4) the district court made erroneous evidentiary rulings; (5) the district court improperly refused to grant a mistrial in response to improper outbursts by government witnesses; (6) the district court gave erroneous jury instructions; (7) defendants' sentences were unconstitutional or unreasonable under Booker;[5] and (8) Cloud was denied effective assistance of counsel. See ECF No. 496 at 2. On December 4, 2006, Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Sixth Circuit. See ECF No. 496; United States v. Caver, 470 F.3d 220 (6th Cir. Dec. 4, 2006). Petitioner's motion for rehearing *en banc* was denied on February 26, 2007. (6th Cir. ECF No. 70)(05-3344).

**C. Motions to Vacate Under 28 U.S.C. § 2255 and Other Collateral Proceedings**

On December 3, 2007, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 505. In that motion, Petitioner raised 9 claims: (1) a Brady violation occurred; (2) trial counsel was ineffective for failing to object to a "vague

---

[4] Petitioner's appeal was consolidated with those of his two co-defendants, Calvin Caver and Tamir Abdullah.

[5] United States v. Booker, 543 U.S. 220 (2005).

4

indictment" and a Bruton[6] violation; (3) appellate counsel was ineffective because of a conflict of interest; (4) prosecutorial misconduct occurred via subornation of perjury and witness coercion; (5) a Confrontation Clause violation occurred at trial; (6) his right to a fair trial was violated; (7) the evidence was insufficient to support the verdict; (8) fair trial/unconstitutional petit jury; and (9) his sentence was unreasonable. On April 13, 2012, after the proceedings had been held in abeyance and numerous agreed-upon extensions were granted, the § 2255 motion was denied by final order. See ECF Nos. 687, 688.

On May 11, 2012, Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Criminal. See ECF No. 692. On May 18, 2012, Petitioner's Motion to Alter or Amend Judgment was denied. See ECF No. 694.

On September 11, 2015, Petitioner filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2). See ECF No. 745. On March 4, 2016, Petitioner's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) was denied. See ECF No. 752.

On February 9, 2017, Petitioner filed a second § 2255 motion, arguing that his career offender status was based on a prior third-degree attempted robbery conviction that was no longer a crime of violence after Johnson.[7] See ECF No. 756. On April 14, 2017, Petitioner's second § 2255 motion was dismissed. See ECF No. 757.

On January 28, 2020, Cloud filed a Motion for Retroactive Reduction of Sentence Pursuant to § 404 of the First Step Act of 2018. See ECF No. 799. On March 3, 2020, counsel was appointed to represent Cloud on the motion. As of the date of entry of this Report and Recommendation, that motion is still pending in the Northern District of Ohio.

---

[6] Bruton v. United States, 391 U.S. 123 (1968).

[7] Johnson v. United States, 135 S.Ct. 2551 (2015).

### III. The Contentions of the Parties

#### A. The Petition

In support of his § 2241 petition, Cloud alleges that (1) he is no longer a career offender under Whitley[8] and is eligible for relief under Wheeler;[9] (2) his § 851 enhancement is a fundamental defect under Sessions v. Dimaya,[10] because the definition of felony drug offense in § 802(44) is unconstitutionally vague; and (3) the Bureau of Prisons ("BOP") staff violated the Accardi doctrine[11] and Petitioner's due process rights when it failed to follow its own policy by not giving him a copy of the Disciplinary Hearing Officer ("DHO") Report within twenty days after the hearing. ECF No. 1 at 5 – 6.

Cloud's petition appears to indicate that he did not exhaust his administrative remedies, stating he was "unable to appeal based on staff's failures." Id. at 7 – 8.

For relief, Cloud requests that this Court vacate his 21 U.S.C. § 846 conviction and sentence; vacate and expunge his BOP Offense Code 108 violation, restore his GCT, and properly recalculate his custody classification. Id. at 8.

#### B. Respondent's Motion to Dismiss

Respondent argues that the petition should be dismissed. Petitioner's Grounds One and Two challenges to his sentence lack merit, because Petitioner cannot establish that relief under 28 U.S.C. § 2255 is inadequate or ineffective under Wheeler. ECF No. 22 at 8. Wheeler is a Fourth

---

[8] United States v. Whitley, 737 Fed. Appx. 147 (4th Cir. 2018) (finding that a **prior** § 846 conspiracy conviction cannot support enhanced sentencing as a career offender) (emphasis added).

[9] United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018).

[10] Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

[11] The Accardi Doctrine provides that when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).

Circuit decision that is not binding upon courts within other circuits, and the Fourth circuit has held that when evaluating substantive claims under the savings clause, the court must look to the substantive law of the circuit where the defendant was convicted. Id. at 8 – 9. Moreover, Whitley stands for the proposition that a *prior* § 846 conspiracy conviction cannot support enhanced sentencing as a career offender, not that a § 846 conspiracy *offense of conviction* cannot be enhanced based on two valid predicate offenses. Id. at 10. Further, Whitley has not been deemed to apply retroactively to cases on collateral review. Id. at 9, 11.

Petitioner's Ground Two claim that Dimaya renders 21 U.S.C. § 802(44)'s definition of a felony drug offense unconstitutionally vague has no merit; this Court has previously addressed Petitioner's argument and determined that Dimaya does not invalidate § 851 enhancements. ~~Id. at 12.~~ Petitioner's attempt to rely on Dimaya is futile; Dimaya is inapplicable to any crime that does not involve prosecution under the Immigration and Nationality Act and Petitioner is not an alien. Nor does the residual clause at issue in Dimaya have anything to do with Petitioner's conviction, which was based on a felony drug charge, not on an interpretation or application of any "residual clause" defining a crime of violence. Id. at 14 – 15.

Finally, Petitioner's Ground Three claim is moot, because the BOP has already expunged the challenged Incident Report and restored Petitioner's GCT. Id. at 17 - 19.

**C. Petitioner's Response in Opposition**

Petitioner contends that Respondent's failure to address the issue raised in his second supplement to the petition,[12] (that his conviction under Ohio Revised Code ("ORC") 2925.7 for Preparation of Drugs for Sale was repealed on February 13, 2001, but was used as a predicate conviction to support his career offender enhancement anyway) indicates that the Respondent has

---

[12] See ECF Nos. 14, 15.

7

"conceded as to one of the Petitioner's underlying convictions no longer [being] able to serve as a predicate conviction for a career offender sentence enhancement." ECF No. 27 at 1.

Petitioner notes that he was convicted at trial in September 2004, before the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), rendering the sentencing guidelines advisory and permitting court discretion in imposing a sentence. Id. at 2. Petitioner argues that it was the 2004 sentencing guidelines that "ultimately forced" him into going to trial because of the possibility of a mandatory minimum sentence of 240 months for his §§ 841(b)(1)(A) and 846 charge, and that under today's guidelines, his mandatory minimum would have only been five years. Id.

Petitioner contends that the statute under which he earned his predicate conviction under ORC 2925.07 for "preparation of drugs for sale" was repealed on February 13, 2001, one month before he pled guilty and was sentenced under that same repealed statute, and four years later, that offense was used to enhance his sentence on the present conviction. Id.

Petitioner reiterates his position that he can satisfy all four prongs of Wheeler, now identifying three Sixth Circuit decisions that he contends substantively change the law applicable to the predicate convictions that led to his enhanced sentence, United States v. Powell,[13] and United States v. Havis,[14] and United States v. Yates.[15] Id. at 4 - 6.

Petitioner's response makes no mention of Respondent's argument concerning the mootness of Ground Three.

---

[13] United States v. Powell, 781 Fed. Appx. 487 (6th Cir. 2019).

[14] United States v. Havis, 927 F.3d 382 (6th Cir. 2019).

[15] United States v. Yates, 866 F.3d 723 (6th Cir. 2017).

As relief, Petitioner seeks to have his sentenced vacated and his case remanded for resentencing. Id. at 11.

## D. **Respondent's Reply**

Respondent clarifies that despite Petitioner's response contention to the contrary, it has not conceded that any of Petitioner's prior convictions can no longer be used for career offender purposes, noting that Respondent clearly intended for Petitioner's amendments to the original § 2241 petition to be dismissed for lack of subject matter jurisdiction." ECF No. 32, n.2 at 2.

Respondent reiterates its position that Ground One and Two of the petition must be dismissed for lack of jurisdiction; Petitioner cannot meet the fourth prong of the Wheeler test because it is undisputed that Petitioner was sentenced under the post-Booker advisory guidelines, thus, Petitioner cannot show that his post-Booker career offender sentence presents an error sufficiently grave to be deemed a fundamental defect. Id. at 2 – 3.

Respondent notes that Ground One must also be dismissed for lack of jurisdiction because Petitioner has not cited a retroactive Sixth Circuit decision that would substantively change the law applicable to his conviction. Id. at 5. None of the Sixth Circuit cases Petitioner cited in his response in opposition, Havis, an *en banc*, *per curiam* opinion, Powell, an opinion not recommended for full text publication, and Yates have been deemed retroactively applicable to cases on collateral review; thus, Petitioner cannot meet the second Wheeler prong. Id. at 6 - 7. Further, this Court has specifically found that Whitley has not been deemed retroactive, either. Id. at 10.

Finally, Respondent notes that Petitioner's failure to address its argument that Dimaya does not meet the second prong of the Wheeler test appears to concede his Ground Two claim. Id. at 10.

9

### E. Petitioner's Motion to Strike Respondent's Reply

Petitioner contends that Respondent's reply constitutes surreply or surrebuttal, impermissible under the Local Rules of Prisoner Litigation Procedure ("LR PL P"), and should therefore be stricken from the record. ECF No. 39.

### IV. Standard of Review

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(l), a party may file a motion to dismiss for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(l), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). A court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (internal quotation marks omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999).

### B. *Pro Se* Litigants

As a *pro se* litigant, Cloud's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v.

10

Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Cloud is not entitled to relief under 28 U.S.C. 2241.

## C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Cloud unequivocally challenges the validity of his sentence and not the execution of his sentence, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely . . . because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and

11

first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11cv00261, 2014 WL 670850 (S.D. W.Va. February 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

### IV. Analysis

In Ground One, Cloud alleges that he is no longer a career offender under Whitley and is eligible for relief under Wheeler. However, Cloud's reliance on Wheeler is misplaced.

Cloud was convicted in the Northern District of Ohio, which lies within the jurisdiction of the Sixth Circuit. In challenging his sentence, Cloud relies on Whitley, an unpublished *per curiam* Fourth Circuit decision that is not binding on courts within other circuits; nor has it been deemed retroactive to cases on collateral review.

In Hahn v. Moseley, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must "look to the substantive law of the circuit where the defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. July 24, 2019), *citing* In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998); Eames v. Jones, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011).

Because he is challenging his sentence, Cloud must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Cloud could meet the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, **advisory** Guidelines, his petition would have

13

been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[16] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Booker was decided on January 12, 2005. It is clear from Cloud's March 2, 2005 sentencing transcript that he was sentenced under the post-Booker advisory Guidelines. Regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Petitioner's attempt to rely on Whitley is futile; Whitley held only that a *prior* § 846 conspiracy conviction could not support a career offender enhanced sentence, not that a § 846 conspiracy *offense of conviction* could not be enhanced based on two valid predicate offenses, as is the case here. Moreover, Petitioner's response in opposition attempt to cite to Powell, Havis, and Yates is misplaced; none of these cases are retroactively applicable to cases on collateral review, so Petitioner has also failed to meet the second Wheeler prong.

---

[16] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

Petitioner's Ground Two claim that his § 851 enhancement is a fundamental defect under Dimaya, because the definition of felony offense under 21 § 802(44) is unconstitutionally vague is incorrect. Petitioner cannot show that he meets the second prong of Wheeler because he cannot show that the substantive law applicable to his sentence has changed. Given that Petitioner is not an alien challenging prosecution of a crime under the Immigration and Nationality Act, Dimaya is inapplicable. Petitioner's claim that Dimaya rendered the definition of a felony drug offense under 21 U.S.C. § 802(44)[17] unconstitutionally vague has no merit. The holdings of Dimaya, and Johnson, before Dimaya, involved "unconstitutionally vague" definitions of "crime of violence" under the Armed Career Criminal Act ("ACCA"), or 18 U.S.C. § 924(e)(2)(B), and the Immigration and Nationality Act ("INA"), or 18 U.S.C. § 16(b), respectively. Here, Petitioner was sentenced under U.S.S.G. § 4B1.1, and was facing a § 851 enhancement – neither of which are invalidated by Johnson or Dimaya. Finally, Dimaya is also inapplicable because Petitioner was not sentenced under any type of residual clause defining a crime of violence; his conviction under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 was based on a felony drug charge.

Because Cloud cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

**Ground Three Claim for Restoration of GCT**

---

[17] 21 U.S.C. § 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

Petitioner has alleged a due process violation arising out of the BOP's failure to provide him a copy of his DHO report within twenty days after his hearing, and asked that his BOP Code 108 violation be expunged and his GCT be restored. ECF No. 1 at 6. However, the relief Petitioner seeks, expungement of Incident Report No. 3141012 and restoration of the GCT associated with that disciplinary action, has already been granted [see Curtis Hise Declaration ("Hise Decl."), ECF No. 22-3, ¶¶ 5 – 6 at 3]; the Code 108 violation was expunged on November 7, 2019 [see Incident Report History, ECF No. 22-3 at 6]; and the 41 days of GCT associated with that disciplinary action have already been restored. See Hise Decl., ECF No. 22-3, ¶ 6 at 3. Therefore, because there is no further relief to grant regarding this claim, the claim is moot and must be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) [ECF No. 21] be **GRANTED** and that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

Further, the undersigned **RECOMMENDS** that Petitioner's pending Motion to Strike the Respondent's reply [ECF No. 39] be **DENIED as moot.**

The parties shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Cloud by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: July 29, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE