```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       CLARKSBURG
```

**FRED CLOUD,**

    **Petitioner,**

  v.                                  **Civil Action No. 1:18-cv-229**
                                                        **(Judge Kleeh)**

**PAUL ADAMS, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 40],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 21],
DENYING AS MOOT MOTION TO STRIKE [DKT. NO. 39], AND
DISMISSING WITHOUT PREJUDICE THE PETITION [DKT. NO. 1]**

On December 26, 2018, the pro se Petitioner, Fred Cloud ("Petitioner"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition in this action pursuant to 28 U.S.C. § 2241 [Dkt. No. 1].  Petitioner challenges the validity of his sentence and the loss of Good Conduct Time ("GCT") associated with a prison disciplinary hearing.[1]  Petitioner also filed a motion to exceed page limitations [Dkt. No. 2] and a motion to supplement his petition [Dkt. No. 8].  The motion to file excess pages and motion to supplement were granted [Dkt. Nos. 9, 10].

Petitioner wrote a letter to the Court on October 23, 2019

---

[1] On the Petition's face, Petitioner represents that he is also challenging his conviction, but the Petition itself raises no challenge to the offense of conviction.

[Dkt. No. 12], which was construed as a second motion to supplement and was granted [Dkt. No. 14]. After the Respondent filed a motion to dismiss with a memorandum in support [Dkt. Nos. 21, 22], a Roseboro Notice was issued to Petitioner [Dkt. No. 23] and Petitioner filed a reply to the motion to dismiss [Dkt. No. 27]. Respondent then filed a reply together with a motion to seal and certain exhibits [Dkt. No. 32]. Petitioner filed a motion to strike the Respondent's reply [Dkt. No. 39].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On July 29, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the petition without prejudice and deny as moot Petitioner's motion to strike [Dkt. No. 40].

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Petitioner accepted service of the R&R on August 14, 2020 [Dkt. No. 42].

**CLOUD V. ADAMS** 1:18-CV-229

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 40]**

Petitioner filed a motion to extend the time by which to file objections to the R&R [Dkt. No. 43] and the motion was granted, allowing Petitioner until August 31, 2020 to file objections [Dkt. No. 44]. The docket reflects that Petitioner accepted service of that order [Dkt. No. 45]. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. This Court agrees with the R&R findings that it lacks jurisdiction to address two of the grounds identified in the petition because Petitioner cannot establish that relief under 28 U.S.C. § 2255 is inadequate or ineffective under United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018), and because Sessions v. Dimaya, 138 S.Ct. 1204 (2018) is

inapplicable to Petitioner's offense of conviction [Dkt. No. 40 at 13-15]. Petitioner's third ground for relief is moot because the Bureau of Prisons already expunged the challenged Incident Report and restored Petitioner's GCT [Id. at 16]. Accordingly, upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [Dkt. No. 40]. The Respondent's motion to dismiss [Dkt. No. 21] is **GRANTED** and the Petition [Dkt. No. 1] is **DISMISSED WITHOUT PREJUDICE.** The motion to strike [Dkt. No. 39] is **DENIED AS MOOT.** The Court further **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter judgment in favor of Respondent.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to the pro se Petitioner via certified mail, return receipt requested.

**DATED:** September 10, 2020

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE